IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VINCENT V. ROGGIO, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-10-3773 | |
| § | | |
| ANTHONY Z. EMMANOUIL, *et al.*, § | | |
|     Defendants. § | | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss or, in the Alternative, to Transfer [Doc. # 12] filed by Defendants Anthony Z. Emmanouil and West Belt Auto Supply, Inc. ("West Belt"), to which Plaintiff Vincent V. Roggio filed a Response [Doc. # 25], and Defendants filed a Reply [Doc. # 27]. Having carefully reviewed the full record and governing legal authorities, the Court **denies without prejudice** the Motion to Dismiss and **grants** the Motion to Transfer this case to the United States District Court for the District of New Jersey.

**I.      FACTUAL BACKGROUND**

West Belt, a Texas corporation based in Houston, was incorporated in 1976. In 1985, Emmanouil became the sole shareholder. In April 2002, Emmanouil and Roggio executed a contract for Emmanouil to sell to Roggio 90% of West Belt stock for $1,350,000.00. A dispute arose between the parties regarding whether Emmanouil

breached the contract by failing to convey the stock to Roggio or whether Roggio breached the contract by failing to pay the required consideration.

In March 2006, Emmanouil, West Belt and others filed a lawsuit against Roggio and others in the United States District Court for the District of New Jersey. In May 2006, Roggio filed a complaint against Emmanouil, West Belt and others. Roggio alleged that he was a shareholder in West Belt and that Emmanouil breached his contract with Roggio. The court in New Jersey consolidated the two lawsuits.

After four years of discovery and other procedural matters, the consolidated lawsuit was tried to a jury. The parties originally included in their Pre-Trial Order issues regarding the ownership of West Belt. According to Emmanouil, however, the parties agreed before trial that the issue of who owned the shares in West Belt would be determined by the jury's verdict on the issue of who breached the contract.

On September 3, 2010, at the conclusion of the trial in New Jersey, the jury returned a verdict finding that Roggio breached the contract and awarding Emmanouil $1,221,331.00 in damages. The jury found against Roggio on his claims against Emmanouil.

On September 13, 2010, Roggio filed this lawsuit against Emmanouil and West Belt. In this Complaint [Doc. # 1], Roggio claims to own 90% of the shares in West Belt and seeks a declaration to that effect from this Court.

Meanwhile, in the consolidated lawsuit in New Jersey, Roggio filed a post-trial motion for judgment as a matter of law or, alternatively, for a new trial. The motion remains pending before the court in New Jersey.

Defendants in this case seek dismissal or, alternatively, to have this lawsuit transferred to the District of New Jersey. The issues have been fully briefed and are ripe for decision.

## II.   **MOTION TO DISMISS**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.*

In this case, the basis for Defendants' Motion to Dismiss is that the issue in this case has already been decided by the jury in the consolidated lawsuits in New Jersey. That jury verdict, however, is currently being challenged by Roggio, and that challenge has not yet been decided by the New Jersey court. Accordingly, dismissal of this lawsuit based on the jury's verdict in New Jersey is not appropriate at this point. The Motion to Dismiss is, therefore, denied without prejudice.

### III.    MOTION TO TRANSFER

#### A.    Applicable Legal Standards

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 308 n.1 (5th Cir. 2008) (*en banc*), *cert. denied*, 129 S. Ct. 1336 (2009) ("*Volkswagen II*"). To determine whether transfer is appropriate under § 1404, the Court must first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

The moving party must also show good cause for a transfer of venue. *Volkswagen II*, 545 F.3d at 315. To show good cause, a moving party must "clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice." *Id.* If "the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.*

The Court must consider both private and public factors in deciding whether the transfer would be clearly more convenient for the parties and witnesses and serve the interests of justice. *See Volkswagen II*, 545 F.3d at 315. While "a plaintiff's choice of venue is not a distinct factor in the venue transfer analysis, it is nonetheless taken

into account as it places a significant burden on the movant to show good cause for the transfer." *Id.* "However, when a plaintiff is not a resident of the chosen forum, or the operative facts underlying the case did not occur in the chosen forum, the court will not give as much deference to a plaintiff's choice." *See Apparel Production Servs. Inc. v. Transportes De Carga Fema, S.A.*, 546 F. Supp.2d 451, 453 (S.D. Tex. 2008) (citing *In re Horseshoe Enter.* 337 F.3d 429, 434-35 (5th Cir. 2003)).

"The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Volkswagen II*, 545 F.3d at 315 (citing *Volkswagen I*, 371 F.3d at 203).

The relative convenience to the witnesses is often recognized as the most important factor under § 1404(a). *Spiegelberg*, 402 F. Supp. 2d at 790. In considering the convenience of witnesses, the relative convenience to key witnesses and key non-party witnesses is accorded greater weight in the venue transfer analysis. *See Spiegelberg*, 402 F. Supp. 2d at 790–91 (non-party witnesses); *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex. 1994) (key non-party witnesses); *Continental Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1396 (S.D. Tex. 1992) (key witnesses).

"The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law."  *Volkswagen II*, 545 F.3d at 315 (citing *Volkswagen I*, 371 F.3d at 203).

These public and private factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight.  *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004) (citing *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 827 (5th Cir. 1986)).

**B.** **Analysis**

The initial inquiry is whether this case could have been brought in New Jersey. Although Roggio argues that it could not have been, the undisputed fact is that the case *was* brought in New Jersey and has been pending there for four years. Defendants filed a lawsuit against Roggio in New Jersey, submitting themselves to that court's jurisdiction.  Roggio filed a lawsuit against Emmanouil and West Belt, and the parties submitted to the New Jersey court's jurisdiction as well as venue.  As a result, the Court finds that this case could have been, and indeed the identical claims were, brought in New Jersey.

The private interest factors weigh heavily in favor of transfer. It is undisputed that neither Roggio nor Emmanouil reside in Houston. The dispute involves the ownership of shares of West Bank stock, and there is no evidence that those shares are held in Texas. Most key witnesses reside in New Jersey, as does Roggio. The attendance of all key witnesses was apparently obtained without difficulty or undue expense for the trial in New Jersey. All documents are located in New Jersey, including those that have been obtained from sources outside that state. A trial of this dispute will not be necessary should the New Jersey court determine that the issue has been effectively decided by the jury in New Jersey.

The public interest factors also weigh heavily in favor of transfer. The Southern District of Texas is an exceedingly busy court, and it is a waste of judicial time and resources for this Court to decide an issue that may well have been decided in New Jersey. Except that West Belt, which has ceased operations, is a Texas corporation, this is not a local Houston dispute. The New Jersey court has much more familiarity with this case, including the governing law, than this Court. The public interest also disfavors trying to avoid a decision in one jurisdiction by filing a declaratory judgment action in another.

The Court finds that the private and public interest factors weigh heavily in favor of transferring this case to the District of New Jersey, where it could originally

have been brought.  Indeed, Roggio previously sued Emmanouil and West Belt in New Jersey for a determination regarding who owns the West Belt stock.  Apparently dissatisfied with the result of that litigation, Roggio now seeks to pursue a declaratory judgment action in this federal district.  The convenience of the parties and the witnesses, and the interests of justice, favor having this lawsuit decided in the same court where the dispute has been pending for four years and remains pending on Roggio's post-trial motion.

### IV.   CONCLUSION AND ORDER

The jury verdict on which Defendants base their Motion to Dismiss is currently the subject of a post-trial motion pending before the New Jersey court.  As a result, the Court cannot dismiss this case at this point.

Nonetheless, both the private and public factors strongly favor transfer of this case to the federal court in New Jersey.  Roggio's current choice of this forum is entitled to little deference because he is not a resident of this forum and it is not his first choice of forum for this dispute.  *See Apparel Production,* 546 F. Supp. 2d at 453. Because Defendants have "clearly demonstrate[d] that a transfer is for the convenience of parties and witnesses, [and] in the interest of justice," this case will be transferred to New Jersey.  It is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 12] is **DENIED WITHOUT PREJUDICE** and the Motion to Transfer [Doc. # 12] is **GRANTED**. This case will be **TRANSFERRED** by separate order to the United States District Court for the District of New Jersey.[1]

SIGNED at Houston, Texas, this **17th** day of **February, 2011**.

_____
Nancy F. Atlas
United States District Judge

---

[1] It would seem that the case, following transfer to the District of New Jersey, should be assigned to Chief Judge Garrett E. Brown, for consideration in connection with *Emmanouil v. Roggio*, Civil Action No. 06-cv-1068. That decision, however, rests with the court in New Jersey.